## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT REED FALBE, III,** | |
| **Plaintiff,** | **Case No. 23-cv-00003-SPM** |
| **v.** | |
| **MUNICIPAL, NEWSOM, KIM, and GORDON,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Robert Falbe commenced this action on January 1, 2023, while incarcerated in the Avenal State Prison in Avenal, California. (Doc. 1). In filing the Complaint, Plaintiff used the civil rights complaint form for this district and indicated on the form that he was prosecuting his claims under 42 U.S.C. §1983. He named "Municiple" as the sole defendant. Before the Court reviewed the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff timely filed a First Amended Complaint on January 23, 2023. (Doc. 4). *See* FED. R. OF CIV. P. 15(a).

This matter is now before the Court for preliminary review of the First Amended Complaint. The Court is required to screen all prisoner complaints seeking redress from a governmental entity or governmental employee to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Even under this liberal pleading standard, the

Court finds that the First Amended Complaint is incomprehensible and must be dismissed.

### FIRST AMENDED COMPLAINT

Federal Rule of Civil Procedure 8 requires a civil complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of the requirement is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011). While a successful complaint does not have to contain detailed factual allegations, it must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the pleaded content is incoherent, and Plaintiff fails to connect any facts to acts or omissions on the part of Defendants Municiple, Newsom, Kim, and Gordon. Plaintiff asserts:

> Here in the Plaintiff argue jurisdiction of work and work related data lost due to rogatory actions of the Municiple – election year 2020 –

> Questioning the constitutionality of the State of California, Newsom, Kim, and Gordon – for the use of sophisticated surveillance equipment in the Orange County Water Basin as well as dispatching of paramilitary regulators.

(*Id.* at p. 1). He goes on to argue that this Court has jurisdiction over his claims because he filed a "destabilization cautionary" on October 7, 2019, "warning of the effect of such use of power." (*Id.* at p. 2). Plaintiff argues that because he filed this document "would it not be paramount to support jurisdiction in the district, nation, or state of populace affected?" (*Id.*). Plaintiff then discusses his criminal convictions in California. (Doc. 4, p. 3). He states that upon his release from the California Detention Center in 2009, his property was not returned to him, and he was taken "hostage and rendered homeless where he would be subjected to sophisticated surveillance equipment." This

same equipment was used by agents on April 3, 2019, during his arrest for arson. (*Id.*). Plaintiff states he sues for "4459.01." (*Id.* at p. 2).

The Court cannot make sense of Plaintiff's allegations or discern any viable claims. To further confuse matters, Plaintiff fails to explain why, as a state inmate in California, he filed in this federal judicial district. The Court has reviewed the docket, and the attached exhibits,[1] the original Complaint, and the pending motions do not provide any clarity on what Plaintiff is alleging. Because Plaintiff has failed to plead a plausible federal claim, the First Amended Complaint does not survive review under Section 1915A.

Generally, district courts will allow a plaintiff "at least one opportunity to amend a complaint," but not so in situations, such as this, where "amendment is clearly futile." *Stibbe v. Evers*, No. 22-1455, 2022 WL 16833515, at *2 (7th Cir. Nov. 9, 2022) (citing *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519–20 (7th Cir. 2015)). The Court has no basis to conclude that given another chance, Plaintiff could articulate a viable claim. The original Complaint and the current pending motions are also nonsensical. In the original Complaint, Plaintiff alleges that the State of California is in violation of UN Sanctions. (Doc. 1, p. 6). He also asserts that in a "2015 Traffic Court Ruling in behalf of the Plaintiff the Municiple failed to return property resulting in the loss of work and work related data." (*Id.*). The pending motions contain disjointed sentences, and Plaintiff seeks seemingly unrelated injunctive forms of relief, such as to compel the California Department of Justice to return seized property and suppress evidence (Doc. 10), $165,000 to be "made ready on 2-18-23" (Doc. 11, 13), and to return to Illinois on parole (Doc. 13). Nothing in the record, demonstrates that Plaintiff is capable of filing a coherent complaint.

---

[1] The exhibits include (1) a letter to the "Executive Administration of the United States" concerning a case before the Federal Energy Regulatory Commission; (2) a letter to the Marion County States Attorney; (3) copies of health service request forms filled out while Plaintiff was in the custody of the California Department of Corrections and Rehabilitation; (4) a transcript from an unidentified court case; (5) correspondence with the warden at Avenal State Prison; and (5) letters to the Supreme Court of the United States. (Doc. 4-1, 4-2).

Additionally, prior to filing this case, Plaintiff initiated another similar case in this district, *Falbe v. USA,* No. 22-cv-02720-JPG (S.D. Ill. Nov. 22, 2022). In *Falbe v. USA,* Judge Gilbert dismissed the complaint for similar reasons stated in this Order. (*See* No. 22-cv-02720-JPG, Doc. (4)). Judge Gilbert found the complaint "incomprehensible" and consisting of "words and phrases, lists of claims, and references to criminal matters that lack context." (*Id.*). Plaintiff was given a chance to replead. The amended complaint, however, suffered from the same deficiencies. Judge Gilbert found that the amended complaint was likewise unintelligible. Plaintiff's allegations were "strings of disjointed nonsensical statements scattered across hundreds of pages covering dozens of topics in several different languages." (*Id.* at Doc. 27, p. 3). The case was dismissed with prejudice on March 28, 2023. (*Id.*).

Based on Plaintiff's collective filings in this district, the Court finds that it would be futile to allow Plaintiff an opportunity to file another amended complaint. Accordingly, the First Amended Complaint and this entire case will be dismissed with prejudice.

### PENDING MOTIONS

Plaintiff filed a motion for leave to proceed *in forma pauperis* on January 23, 2023, but he failed to include the necessary prisoner trust fund account information with his motion. (Doc. 5, 9). Plaintiff was warned that failure to provide the Court with the required trust fund information or pay the full filing fee would result in dismissal of this action. (Doc. 16). On August 11, 2023, the Court received full payment of the filing fee. Accordingly, the motion for leave to proceed *in forma pauperis* is **DENIED as moot**. (Doc. 5).

Because this case will be dismissed with prejudice, all other pending motions are **TERMINATED as moot.** (Doc. 10, 11, 12, 13).

### DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire are action are

Page 4 of 5

**DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The motion for leave to proceed *in forma pauperis* is **DENIED as moo**t. (Doc. 5). All other pending motions are **TERMINATED as MOOT**. (Doc. 10, 11, 12, 13).

The Clerk shall close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   September 20, 2023**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**